IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G. CESAR MUNIVE,                )
                                )
    Plaintiff,                  )   No. 12 C 5481
                                )
vs.                             )   Magistrate Judge Arlander Keys
                                )
TOWN OF CICERO, et al.,         )
                                )
    Defendants.                 )

## MEMORANDUM OPINION AND ORDER

According to the complaint filed in this case, on July 5, 2012 Cesar Munive was riding his bike near the corner of 13th Street and 57th Avenue in Cicero. Complaint, ¶3. At that time, a Cicero Police Officer, believed to be Officer Schullo, who is named as a defendant in this case, shot Cesar in the back; Cesar later died from the gunshot wound. *Id.*, ¶4. G. Cesar Munive, the victim's father, who has sued on behalf of his son and on his own behalf, alleges that the shooting was unjustified; he also alleges that the Town of Cicero and its police officers took affirmative steps to cover up the unjustified shooting, going so far as to plant a weapon at the scene. *Id.*, ¶¶10-11. The parties consented to proceed before a United States Magistrate Judge and the case was reassigned to this Court on September 13, 2012. The case is in the discovery stage and is currently before the Court on a motion filed by Mr. Munive to compel the Illinois State Police to comply with a subpoena he served on December 26, 2013.

Also before the Court is the ISP's motion to quash the subpoena. For the reasons explained below, the motion to compel [Docket # 21] is granted, and the motion to quash [Docket #26] is denied.

Mr. Munive alleges that the day his son was killed, the investigation of the shooting was turned over to the Illinois State Police. *See* Motion, ¶1. Because of this, on December 26, 2012, his attorney served the Illinois State Police, a non-party, with a subpoena seeking the production of "[y]our complete file and all documents and records of any kind" pertaining to the Illinois State Police investigation of the police shooting death of civilian Cesar A. Munive on July 5, 2012 by the Cicero Police Department." Subpoena (attached as Exhibit A to Plaintiff's Motion to Compel). The subpoena also sought criminal histories for Cesar Munive, Pedro Dominguez and Marcelo Cruz. The subpoena had a return date of January 16, 2013.

The ISP did not produce documents in response to the subpoena; instead, it advised counsel for Mr. Munive that it was invoking investigative privilege. Mr. Munive moved to compel the discovery, and the ISP responded with a motion to quash the subpoena. In its motion, the ISP argues that its investigation into Mr. Munive's death is "open and ongoing" and that the materials requested in the subpoena are "all part of the ISP's investigation file"; thus, the ISP argues, the discovery sought is "covered by the law enforcement investigatory privilege and []

2

protected from disclosure." ISP's Motion to Quash, ¶2 (citing *In re Marriage of Daniels*, 240 Ill. App. 3d 314, 331 (1st Dist. 1992)).

To support its motion to quash, the ISP submitted an affidavit from Michael J. Minniear, a Special Agent with the ISP's Public Integrity Task Force, the part of the ISP's Investigations Unit charged with investigating officer-involved shootings, in-custody deaths, on duty felony criminal actions by police officers, and other matters, as requested by the Cook County State's Attorney's Office. *See* Minniear Affidavit, ¶¶1, 2. In his affidavit, Agent Minniear states that he has been assigned to investigate Cesar Munive's death, that he began his investigation on July 5, 2012, that his investigation is currently open, active and ongoing, and that he has, to date, amassed a record estimated at 300 pages. *Id.*, ¶¶3-5. He also represents that he has not yet interviewed all of the witnesses "of interest" but that he is working diligently toward concluding the investigation; finally, he represents that disclosure of his file at this time "risks interfering with the Illinois State Police's investigation into the shooting death of Cesar Munive." *Id.*, ¶¶6, 7.

Under the Federal Rules of Civil Procedure, courts should permit "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).

Relevant information sought to be discovered need not be admissible at trial; rather, it is enough that "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* There can be no question that the discovery sought is relevant – indeed, it is crucial to Mr. Munive's case. Thus, as a practical matter, it must be produced unless privileged.

To assert the law enforcement privilege, a "responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." *Hallett v. Village of Richmond*, No. 05 C 50044, 2006 WL 2088214, at *2 (N.D. Ill. July 25, 2006); *Holten v. City of Genoa*, No. 02 C 50201, 2003 WL 22118941, at *2 (N.D. Ill. Sept. 12, 2003)(citations omitted). It is not clear that Agent Minniear's affidavit is sufficient; it is a blanket assertion covering the entire file, based upon a very generally claimed risk of interference. The ISP has not explained how disclosure of specific information would jeopardize or harm the investigation.

More importantly, even if the Court were to assume that the ISP has properly raised the privilege, it is not absolute. Rather, "[t]he law enforcement investigative privilege is a

4

'qualified privilege.'" *Craig v. City of Chicago*, No. 08 C 2275, 2010 WL 529447, at *1 (N.D. Ill. Feb. 8, 2010 (citing *Kampinen v. Individuals of Chicago Police Dep't.*, No. 00 C 5867, 2002 WL 238443 at *4 (N.D. Ill. Feb. 19, 2002)). "Its purpose 'is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *Craig*, 2010 WL 529447, at *1 (quoting *Lewis v. City of Chicago*, No. 04 C 3904, 2004 WL 2608302 at *1 (N.D. Ill. Nov. 16, 2004); *In re Dept. of Investigation of New York*, 856 F.2d 481, 485 (2d Cir. 1988)). In determining whether the privilege should be applied to shield certain discovery from disclosure, the Court must balance the subpoenaed party's need for secrecy against the plaintiff's need for access to the information. *See, e.g., Craig*, 2010 WL 529447, at *2; *Holten*, 2003 WL 22118941, at *2 (citing *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, at *3 (N.D. Ill. Nov. 13, 1997); 6 Moore's Federal Practice, §26.48[3](2002)). As the party seeking to invoke the privilege, the ISP bears the burden of justifying its application. *E.g., Craig*, 2010 WL 529447, at *2 (citing *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997)).

After considering the arguments on the motion to compel and the motion to quash, the Court is persuaded that the ISP should

be required to produce the discovery requested in the subpoena. Mr. Munive's need for the requested discovery is obvious; to prove his claim he is going to have to show that Officer Schullo was unprovoked, that Cesar did nothing wrong and that the shooting was unjustified. The ISP is the only entity that actually investigated the scene from the time of the incident, going forward. Especially because the ISP has not explained exactly how its investigation would be compromised if its files were produced to Mr. Munive, the Court finds that Mr. Munive's need for the information – unavailable from any other source – outweighs the ISP's general concerns of interference. Those concerns can be adequately addressed with an appropriate protective order.

## Conclusion

For the reasons explained above, the Court grants the plaintiff's motion to compel [Docket #21] and denies the ISP's motion to quash [Docket #26].

Dated: March 28, 2013

E N T E R E D:

_____
Judge Arlander Keys
United States Magistrate Judge