```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


G. CESAR MUNIVE, on his own     )
behalf and as Administrator     )     No. 12 C 5481
of the Estate of Cesar Munive,  )
Deceased,                       )
                                )     Magistrate Judge
        Plaintiff,              )     Arlander Keys
                                )
vs.                             )
                                )
TOWN OF CICERO, et al.,         )
                                )
        Defendants.             )
```

**MEMORANDUM OPINION AND ORDER**

According to the complaint [dkt. # 1] filed in this case, on July 5, 2012, Cesar Munive ("the decedent") was riding his bike near the corner of 13th Street and 57th Avenue in Cicero. Complaint, ¶3. At that time, a Cicero Police Officer, believed to be Officer Schullo, who is a named defendant in this action, shot the decedent in the back; the decedent later died from the gunshot wound. *Id.*, ¶4. Six days after the shooting, on July 11, 2012, G. Cesar Munive ("Mr. Munive"), the decedent's father, filed suit, on behalf of himself and as Administrator of the Estate of Cesar Munive, deceased, alleging that the shooting was unjustified. Mr. Munive also alleges that the Town of Cicero and its police officers took affirmative steps to cover up the unjustified shooting, going so far as to plant a weapon at the

1

scene. *Id.*, ¶¶10-11. The parties consented to proceed before a United States Magistrate Judge and the case was reassigned to this Court on September 13, 2012. [Dkt. #15-16].

On June 17, 2013, Mr. Munive filed an amended complaint to add Officer Garrity as a defendant in this action, asserting that Officer Garrity shot the decedent in the back. [Dkt. #41,¶ 4]. In the first amended complaint, Mr. Munive asserts multiple federal and state claims on his own behalf and as the Administrator of the Estate of Cesar Munive, deceased. The counts include §1983 claims for excessive force, failure to intervene, denial of medical care, and conspiracy. He also asserts state law claims for wrongful death and survival, asserting intentional and reckless battery. On August 15, 2013, Defendant Officer Donald Garrity filed a motion to dismiss [dkt. #60] pursuant to Federal Rule of Civil Procedure 12(b)(6).

In his motion to dismiss, Officer Garrity argues that Mr. Munive has no standing to bring or maintain this action or assert the claims he did. He argues that Mr. Munive, the parent of the adult decedent, has no claims under federal or state law, and therefore, his individual claims must be dismissed. At the time that Officer Garrity filed his motion to dismiss, Mr. Munive was not the administrator of the decedent's estate, as set forth in the original complaint and first amended complaint. Officer Garrity argued that Mr. Munive's lack of this position

2

as administrator meant that he had no viable claims in a representative capacity since "only a duly appointed legal representative can bring and maintain survival and wrongful death actions." Mot. to Dismiss, p. 1-2. On October 16, 2013, after Officer Garrity filed his motion to dismiss, an order was entered in the Circuit Court of Cook County, Probate Division, appointing Mr. Munive as an administrator of the estate of the decedent. Resp. at Ex. A.

In his response to the motion to dismiss, Mr. Munive points out his recent appointment as administrator. Resp. at p. 4. Mr. Munive suggests that the Court deny the motion to dismiss and enter an order substituting the plaintiff in this action from the present language captioned as "G. Cesar Munive, on his own behalf and as Administrator of The Estate of Cesar Munive, Deceased," to "G. Cesar Munive as Administrator of The Estate of Cesar Munive, Deceased," striking "on his own behalf and." *Id*. Alternatively, Mr. Munive suggests that he can amend the complaint to substitute the plaintiff. Mr. Munive argues that his suggestions are viable legal remedies, as Federal Rule of Civil Procedure 17(a)(3) allows an administrator to bring suit without having been first appointed by the probate court. Mr. Munive argues that it is well settled that the appropriate remedy is to continue the case to allow plaintiff a reasonable time to cure, instead of dismissing the case. Resp. at p. 3,

citing Moore's Federal Practice 3d § 17.12[1][a], *Burris v. Cullinan*, 09-3116, 2009 WL 3574420 at *5 (C.D. Ill. Oct. 23, 2009); *Abiola v. Abubakar*, 2003 02 CV 6093, 2003WL 22012220 at *3 (N.D. Ill. Aug. 25, 2003); see also *Jefferson v. Davis*, 88 CV 1872, 1990 WL 60689 at *1-2 (N.D. Ill. April 23, 1990).

In his reply brief, Officer Garrity acknowledges, "The probate court proceeding may breathe life into a portion of the lawsuit he brought" as Mr. Munive "now has capacity to bring and maintain a portion of his action." Reply at pp. 7, 9. Therefore, Officer Garrity accepts that Mr. Munive may have viable claims in this action with his role as Administrator of the Estate of Cesar Munive, deceased. However, Officer Garrity argues that, as the first amended complaint [dkt. #41] is written now, changing the named plaintiff in the caption does not resolve the systemic problems with the tenor and scope of the allegations of the first amended complaint, as he argues "unrecoverable non-existent personal constitutional claims are mixed in and intermingled with potentially viable survival claims." *Id.* at p. 2. Therefore, Officer Garrity argues that Mr. Munive should re-plead for clarity, since changing the caption "does not effectively dismiss the non-existent constitutional claims from this case leaving the court or defendants with a plain and concise pleading to work with." *Id.* at pp. 2-3.

4

As to Officer Garrity's request that Mr. Munive be ordered to file an amended complaint, the Court agrees. The first amended complaint uses the word "Plaintiff" throughout in asserting how the Plaintiff died, what the Plaintiff suffered, who Plaintiff's decedent is, and what the Plaintiff is entitled to recover, confusing the definition of plaintiff and the personal and survival claims. *See e.g.* First Amended Complaint at ¶¶3, 20, 21(b), 63. Since the order of the probate court has been entered, and Mr. Munive seeks to change the definition of Plaintiff in this action, eliminating his personal claims, the use of the word "Plaintiff" in the first amended complaint is confusing and the Court sees how Officer Garrity would have a difficult time answering the complaint or asserting affirmative defenses in response. Therefore, it is ordered that the caption in this case be amended, striking "on his own behalf and." In addition, Mr. Munive is ordered to file a second amended complaint, applying the new definition of plaintiff when used in the second amended complaint, and attaching the Cook County probate order as an exhibit to the second amended complaint. Then, Officer Garrity will be able to answer or plead affirmative defenses, knowing the definition of plaintiff that Mr. Munive is currently using.

Officer Garrity also argues that Mr. Munive's "recent appointment by a state probate judge to be administrator of his

5

deceased son's estate does not vest him with a claim upon which relief can be granted" under §1983. Reply at p. 1. Therefore, Officer Garrity requests that the court dismiss the first amended complaint "in its entirety since every count under §1983 for wrongful death and survival intermingle the same individual and personal constitutionally based claims for which there can be no recovery." Reply at p. 2. Based on Mr. Munive's Sur-reply and Officer Garrity's response to the Sur-Reply, it does not seem that the parties disagree on the applicable case law regarding § 1983 causes of action. However, while using different and confusing definitions of "Plaintiff" in the briefs and based on how the word "Plaintiff" was used in the first amended complaint, the parties seem to be talking past each other on this issue, instead of getting to the heart of the matter. Therefore, the Court denies Officer Garrity's motion to dismiss at this time, and allows Mr. Munive to file his second amended complaint, which will hopefully eliminate this confusion. Then, Officer Garrity can answer or otherwise plead, including raising this issue again, depending on his position regarding the second amended complaint.

**CONCLUSION**

For the reasons set forth above, Officer Garrity's motion to dismiss is denied. However, Mr. Munive is to file a second amended complaint by February 4, 2014. The second amended

complaint should amend the caption, striking "on his own behalf and" as part of the definition of plaintiff, apply the new definition of plaintiff when the word "plaintiff" is used throughout the second amended complaint, and include the appointment order from the Circuit Court of Cook County as an exhibit.  The Clerk's Office is ordered to amend the caption of this case, striking "on his own behalf and" from the definition of the plaintiff.

DATE: January 14, 2014         ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge