IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WANDA COLON, as Administrator of the Estate of Cesar Munive, deceased, | )<br>)<br>) |
| Plaintiff, | ) Case No. 12 CV 5481<br>)<br>) |
| v. | )<br>) |
| TOWN OF CICERO and Cicero Police Officer DONALD GARRITY | ) Magistrate Judge Sidney I. Schenkier<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Defendant Donald Garrity, a police officer for the City of Cicero, refused to answer a number of questions at his deposition on April 28, 2015. Mr. Garrity based his refusal to answer on (1) his Fifth Amendment privilege against self-incrimination; (2) a "secret clearance" bar to answering questions about his military experiences; and (3) his claim that certain questions were outside the scope of discovery permitted by the district court judge when he allowed a reconvened deposition of Mr. Garrity. The plaintiff has moved to compel Mr. Garrity's responses to questions he refused to answer and the topics they involved (doc. # 272: Pl. Mot. to Compel). Mr. Garrity has filed a response to the motion (doc. # 279: Def. Resp. to Mot. to Compel), and the plaintiff has filed a reply (doc. # 283: Pl. Reply to Mot. to Compel). For the following reasons, we grant the plaintiff's motion to compel; Mr. Garrity must answer the questions with respect to the topics on which he declined to testify at his April 28, 2015 deposition.

## I.

We set forth the background relevant to the instant motion. Mr. Garrity was working as a police officer for the City of Cicero when he was involved in an incident during which he shot and killed Cesar Munive (doc. # 191: Answer to Third Amended Complaint). Mr. Munive's estate subsequently filed a lawsuit against the City of Cicero and Officer Garrity for, *inter alia,* wrongful death, excessive force, and (against Cicero only) negligent hiring (doc. #178: Third Amended Complaint). During Mr. Garrity's first deposition on April 14, 2014, the plaintiff learned that Mr. Garrity had falsified certain parts of his application for employment with the Cicero police department (doc. # 279: Def. Resp. to Mot. to Compel, Ex. 5). At that deposition, Mr. Garrity also stated that, as a result of the events surrounding Mr. Munive's death, he suffered from post-traumatic stress disorder ("PTSD"), for which he was taking medication and receiving mental-health therapy (doc. # 194: Pl. Mem. on Relevance of Def. Medical Records, Ex. B).

On October 16, 2014, the presiding district judge issued an order allowing the plaintiff to take a second deposition of Mr. Garrity limited to "additional information" that the plaintiffs did not have when they took Mr. Garrity's first deposition (doc. 279: Def. Resp. to Mot. to Compel, Ex. 4). At the second deposition, taken in April 2015, Mr. Garrity asserted his Fifth Amendment privilege against self-incrimination as a basis for refusing to testify about (1) an interview he had with a psychologist who examined him in connection with his application for employment as a Cicero police officer, and (2) a document he completed as part of that interview. He also refused to answer a number of questions about his military experience during the 1993 Waco siege, on the ground that he was subject to a "secret clearance through the military" that prevented him from being able to describe his activities and duties (doc. # 279: Def. Resp. to Mot. to Compel, Ex. 6).

2

Mr. Garrity now contends that he should not be required to answer questions about his pre-employment psychological testing or his military activities at Waco both because the questions implicate his Fifth Amendment privilege against self-incrimination and also because the subject matter does not concern new information obtained after Mr. Garrity's first deposition. As we explain below, we reject both of these arguments.[1]

## II.

Simply put, the Fifth Amendment protects against self-incrimination. U.S. Const. amend. V ("[n]o person . . . shall be compelled in any criminal case to be a witness against himself."). The protection covers "any disclosures which [a] witness reasonably believes could be used in a criminal proceeding or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). And while the Court must liberally construe the privilege in order to fully protect the right it was intended to secure, *Shakman v. Democratic Organization of Cook County*, 920 F.Supp.2d 881, 887 (N.D. Ill. 2013) (*Schenkier, J.*), the protection is limited to those situations in which the witness's fear of prosecution from a direct answer is reasonable. *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

That is, a witness may refuse to answer a question only if the (truthful) answer would have some tendency to subject him or her to criminal liability. *Genova v. Kellogg et. al.*, No. 12 C 3105, 2015 WL 3930351 at *5 (N.D. Ill. June 25, 2015), citing *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663-64 (7th Cir. 2002). The Fifth Amendment does not give a witness *carte blanche* to refuse to answer all questions simply because he may subjectively believe that he will incriminate himself by giving truthful answers. *Shakman*, 920 F.Supp.2d at 887. The witness must have an objectively reasonable basis to perceive some real danger of

---

[1] Mr. Garrity's response memorandum makes no effort to establish that he had a "secret clearance," or that any such clearance forms a proper basis for refusing to answer deposition questions about his experiences at Waco. Mr. Garrity has thus failed to establish that his alleged clearance was a proper basis to refuse to answer questions.

3

prosecution; a perception that is imaginary or fanciful is not an objectively reasonable one. *United States v. Apfelbaum,* 445 U.S. 115, 128 (1980).

The basis for Mr. Garrity's Fifth Amendment assertions is a letter that plaintiff's counsel sent to counsel for the City of Cicero on October 14, 2014, citing Mr. Garrity's April 2014 deposition testimony in which he admitted to providing false information on parts of his employment application to become a Cicero police officer (doc. # 279, Def. Resp. to Pl. Mot. to Compel, Ex. 1). In the letter, plaintiff's counsel stated that lying on an employment application can result in felony charges for forgery, mail fraud and wire fraud, and requested that the Town of Cicero supplement its discovery responses with any documents relating to attempts that may have been made by the Town of Cicero to refer Mr. Garrity for prosecution. Mr. Garrity asserts that he is entitled to claim Fifth Amendment protection with respect to any additional questions about whether he provided false or misleading information on documents related to his application to become a Cicero police officer because he fears prosecution for mail fraud, wire fraud and forgery.[2]

In their briefs on this motion, the parties discuss whether mail fraud, wire fraud, perjury, and forgery are possible felonies that could result from Mr. Garrity's false statements. However, the briefs also recognize that the statute of limitations period for pursuing prosecution has expired for all of those laws except forgery. And, in open court on July 29, 2015, Mr. Garrity's attorney further acknowledged that the statute of limitations has run for the crimes of wire fraud, mail fraud, and perjury and thus, Mr. Garrity could not be prosecuted for these crimes.

---

[2]The questions Mr. Garrity refused to answer concerned psychological testing he underwent as part of the application process to become a Cicero police officer. Some of the questions he answered, either in an interview or on a psychological profile document, were similar to questions he falsely answered on his employment application. For the purposes of this motion, we considered whether the giving of false information in any of these situations – on the employment application, in an interview, or on the psychological profile document – could support a charge of forgery under Illinois law.

4

That leaves forgery as the only offense discussed by the parties for which the statute of limitations has not passed. Therefore, to establish that he may properly invoke a Fifth Amendment privilege, Mr. Garrity must show that he has a reasonable fear that his answers to plaintiff's questions could subject him to prosecution for forgery. *See Shakman*, 920 F.Supp.2d at 888 ("The party attempting to invoke the privilege bears the burden of establishing its foundation."). Further, Mr. Garrity must establish the possibility of self-incrimination with respect to each question individually, and explain to the Court as to each question "why an answer might tend to be incriminating." *Id.*

Mr. Garrity has not demonstrated a reasonable fear that he may be prosecuted for forgery for making false statements on his employment application. In his brief, Mr. Garrity argues that because plaintiff's counsel characterized Mr. Garrity's actions as possibly constituting forgery in the October 14, 2014 letter to the Town of Cicero, he had a legitimate basis to fear being prosecuted for that felony. But a bald statement by a lawyer that an action may constitute a crime does not make it so (and no one has adduced any evidence that Cicero in fact ever referred Mr. Garrity to authorities for prosecution for forgery). Plaintiff's counsel could have suggested that Mr. Garrity's falsification of his employment application would subject him to prosecution for bank robbery, but no one would argue that Mr. Garrity could reasonably refuse to answer questions out of a fear of being charged with that offense. Unless Mr. Garrity can fulfill his burden of showing his apprehension of self-incrimination is reasonable with respect to each individual question, he may not refuse to answer them.

In this case, Mr. Garrity fails to meet his Fifth Amendment burden because his actions fail to satisfy all elements of forgery. Section 17-3 of the Criminal Code of 1961, 720 ILCS 5/17-3, states that "a person commits forgery when, with an intent to defraud, he knowingly makes a

5

false document or alters any document to make it false, and that document is apparently capable of defrauding another." A false document includes, but is not limited to, a document "whose contents are false in some material way, or that purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority." *Id.* Tellingly, the Illinois Supreme Court has held that the requirement that a document is forged *only* when it "purports to have been made by another" is an essential part of the statute. *People v. DeFilippo*, 919 N.E.2d 921 (Ill. 2009) (defendant who lied in letters to pension board about his dates of service for purpose of securing extra pension credit did not commit forgery; although the letters contained false information they did not purport to come from someone other than defendant).

The facts here are quite similar to those in *DeFilippo*. Mr. Garrity falsified his employment application, and allegedly other documents,[3] because he "wanted a job" as a Cicero police officer (doc. 279: Def. Resp. to Mot. to Compel, Ex. 5 pg. 32). But, there is no allegation or evidence that someone other than Mr. Garrity completed or signed the documents, or that he intended to make anyone believe that someone else completed or signed the documents. As a result, Mr. Garrity's conduct in making false statements in his employment application or other documents does not satisfy the elements needed to fall within the forgery statute, and he has no reasonable fear of prosecution for forgery. Therefore, he cannot refuse to answer any of the questions concerning his interview with the psychologist or the document he filled out in preparation for his interview for the position of a police officer for the Town of Cicero.

---

[3] The plaintiff alleges that Mr. Garrity also falsified information on the psychological profile form he completed as part of the application and interview process to become a Cicero police officer.

## III.

Mr. Garrity also argues that he should not have to answer questions related to his falsification of employment information or his experience as a member of the military at Waco because those topics were covered at his first deposition and thus do not constitute new information under the scope of the district judge's October 16, 2014 order allowing a further deposition of Mr. Garrity. We disagree.

Plaintiff's questions about Mr. Garrity's military service at Waco and his psychological testing given as part of his employment application did not merely rehash matters covered at Mr. Garrity's 2014 deposition. It was only during Mr. Garrity's first deposition that the plaintiff became aware that Mr. Garrity lied on his employment application; it was this revelation that led to receipt of supplemental discovery concerning Mr. Garrity's psychological testing. While questions concerning his interview and personality test may have been similar to those concerning his falsifications in his employment application, they concerned a new and different document and thus were proper under the scope of the district court's order.

Similarly, Mr. Garrity did not raise the issue of PTSD until his first deposition, after which the plaintiff sought medical records and other discovery materials related to his condition. As part of the investigation into Mr. Garrity's allegation that he did not suffer from PTSD until after he shot Mr. Munive, plaintiff is entitled to discover whether there is evidence that the PTSD in fact predated that event. Given that Mr. Garrity also testified that he had previously (and temporarily) suffered from PTSD after another shooting when he was an officer at the Berwyn police department, the plaintiff is entitled to question Mr. Garrity about his activity at Waco and whether that event could also have caused his PTSD.

## CONCLUSION

For the reasons stated above, we grant plaintiff's motion to compel (doc. # 272). Mr. Garrity shall answer questions on the topics on which he declined to testify at his April 2015 deposition. The further deposition shall be limited to those specific topics, shall not exceed one hour in length, and shall be completed on a date convenient to the parties but no later than August 25, 2015.

**ENTER:**

*[signature]*

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: August 3, 2015**