IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WANDA COLON, as Administrator )
of the Estate of Cesar Munive, )
Deceased, )
)
) Case No. 12 CV 5481
Plaintiff, )
)
v. )
)
TOWN OF CICERO and Cicero ) Magistrate Judge Sidney I. Schenkier
Police Officer DONALD GARRITY, )
)
Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Defendant Donald Garrity has moved to reconsider (doc. # 287) our order compelling him to answer questions for which he asserted a Fifth Amendment privilege (doc. # 285). A "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. *Talano v. NW. Med. Faculty Found.,* 273 F.3d 757, 760 n. 1 (7th Cir. 2001). Instead, a motion that challenges the merits of a ruling will automatically be considered as having been filed under Rule 59(e) or 60(b) of the Federal Rules. *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994).

In this case, Mr. Garrity filed his motion pursuant to Rule 60(b), which is brought for "relief from final judgment," and allows a court to vacate its previous judgment for a variety of reasons including "mistake, excusable neglect, newly discovered evidence, or fraud." Fed. R. Civ. P. 60(b)(1). But Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent–A–Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir.1997)). It is

designed to address mistakes attributable to special circumstances, not to correct simple errors in the application of the law. *Anderson v. Holy See*, 934 F. Supp. 2d 954, 958 (N.D. Ill. 2013) *aff'd sub nom. Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645 (7th Cir. 2014), citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Mr. Garrity contends that this Court made a mistake of law by applying an "irrelevant and inapplicable 2009 version of the Illinois Criminal Code," instead of the forgery statute as amended in 2012 (doc. # 287: Mot. to Reconsider, at 1). He has not alleged that an exceptional circumstance exists, however, and thus has not met the standard for relief from final judgment under Rule 60(b). *Scott v. Bender*, 948 F.Supp.2d 859, 865 (N.D.Ill. 2013) (Rule 60(b) "is not an appropriate vehicle for addressing simple legal error").

That said, we will consider Mr. Garrity's arguments under Fed. R. Civ. P. 59(e), which allows a court to "alter or amend a judgment." "To prevail on a Rule 59(e) motion, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012), *quoting Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006). A manifest error of law is the "disregard, misapplication or failure to recognize controlling precedent." *Scott*, 948 F.Supp.2d at 865, *citing Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000). After considering Mr. Garrity's arguments, we affirm our earlier decision.

### I.

In our decision overruling Mr. Garrity's assertion of his Fifth Amendment privilege to refuse to testify about alleged false statements on his employment application to be a Cicero police officer, we held that Mr. Garrity did not have a reasonable fear of prosecution for forgery

because he prepared and signed his employment application, and thus the alleged falsifications on that application were not "purport[ed] to have been made by another" (doc. # 285), 720 ILCS 5/17-3(a)(1). In so ruling, we relied on a case by the Illinois Supreme Court which held that this language was an "essential" part of the forgery statute and, therefore, a defendant who falsified his dates of employment in letters to the pension board could not be guilty of the crime of forgery because he signed the letters himself. *People v. De Filippo*, 919 N.E.2d 921, 924 (Ill. 2009).

Mr. Garrity argues that our reliance on *De Filippo* was misplaced because the Illinois statute in effect when *De Filippo* was decided was subsequently amended, with an effective date of January 1, 2012.[1] He contends that the amendment "removed the requirement that the document at issue must 'purport to have been made by another'" (Mot. to Reconsider, at 3). Mr. Garrity claims that a later Illinois Supreme Court decision, *People v. Brown*, 1 NE.3d 888 (Ill. 2013), represents the current state of the law of forgery in Illinois, which supports his assertion of his Fifth Amendment right against self-incrimination. We disagree.

As an initial matter, we note that Mr. Garrity completed and signed the employment application containing allegedly false information in September 2011, prior to the effective date of the amended Illinois forgery statute (doc. # 279: Def. Resp. to Mot to Compel, Ex. 6). Because, as *De Filippo* held, that version of the statute required a document to purport to have been made by another to support a claim of forgery, Mr. Garrity has no reasonable fear of prosecution based on a version of the statute that was not in effect when he acted. Generally, an amendment to a statute will be construed to apply prospectively, not retroactively, a presumption that may be rebutted by express statutory language or necessary implication. *People v. Blanks*,

---

[1] The Illinois Criminal Code was subsequently amended again in 2012, with the changes taking effect January 1, 2013. The forgery statute was not affected.

3

845 N.E.2d 1, 8 (2005). Mr. Garrity has not offered evidence here to support a claim for retroactive application of the 2012 amendment. For that reason alone, Mr. Garrity's motion is without merit.

### A.

Moreover, if the current version of the Illinois forgery statute applied here, we disagree that it would support the proposition that Mr. Garrity would have a reasonable fear of prosecution for forgery were he to testify as to any alleged false statements in the employment application. The prior language of the Illinois forgery statute in effect when Mr. Garrity completed the application stated that "A person commits forgery when, with intent to defraud, he knowingly: (1) makes or alters any document apparently capable of defrauding another in such a manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority." 720 ILCS 5/17-3(a)(1). It was this language that *De Filippo* held meant that creating a document in a manner "that it purports to have been made by another" is an essential element of the crime of forgery.

The 2012 amendment moves, but does not delete, this language. It states "[a] person commits forgery when, with intent to defraud, he or she knowingly: (1) makes a false document or alters any document to make it false and that document is apparently capable of defrauding another." 720 ILCS 5/17-3(a)(1). Then, the statute goes on to say that a "false document" includes, but is not limited to, "a document whose contents are false in some material way, or that purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority." 720 ILCS 5/17-3(c-5).

We have not found (and Mr. Garrity has not directed us to) any commentary explaining the reason for the amendment; nor have we uncovered any indication that it was intended to

legislatively overrule the *De Filippo* holding that the "purports to have been made by another" language is essential to the crime of forgery. Mr. Garrity's argument that *People v. Brown, supra*, interpreted the amended version of the forgery statute in a way to cover his alleged conduct (Mot. to Reconsider, at 3), is incorrect. To begin with, *Brown* was decided under the 2006 version of the forgery statute applicable to Mr. Garrity's actions, and not under the amendment effective January 1, 2012. *Brown*, 1 N.E.3d at 891. *Brown* does not mention, let alone overrule, *De Filippo*, and indeed, concerns a situation factually dissimilar to both that case and Mr. Garrity's situation.

As we explained in our original order, in *De Filippo*, the Illinois Supreme Court held that defendant's fraudulent scheme to obtain additional pension credit by writing letters that lied about his dates of service could only constitute forgery under Section 5/17-3(a)(1) if, in addition to the other statutory elements, the letters were purported to have been made by someone else. *De Filippo*, 919 N.E.2d at 924. In contrast, *Brown* concerned the elements required to "make" a forged check. 1 N.E.3d. at 897. In that case, the Illinois Supreme Court overturned the defendant's conviction for making a forged check. The check Ms. Brown delivered to the bank had been fabricated by another person, and thus already was fraudulent on its face by the time she received it. *Id.* at 899. Therefore, her later endorsement of the check did not render an otherwise valid instrument false, constituting forgery under Section 5/17-3(a)(1).

In *Brown*, the Illinois Supreme Court explained that to prove forgery, the State "must establish that a defendant had the intent to defraud by making or altering, possessing with intent to deliver, or issuing or delivering any document apparently capable of defrauding another." 1 N.E.3d at 897. Mr. Garrity argues that the use of the disjunctive "or" means that the "purports to have been made by another" language is no longer an essential element of the felony of

5

forgery (Def. Mot. to Reconsider, at 6). But the cited language tracks the same statutory language that *De Filippo* addressed, and that lead the *De Filippo* court to hold that the phrase "purports to have been made by another" is an essential element of forgery. We do not read the *Brown* case as contrary to *De Filippo*, since *Brown* does not even mention the earlier case. We will not assume that *Brown sub silentio* intended to overrule a key holding in *De Filippo*.

Moreover, in defining what is meant by "capable of defrauding," the *Brown* court explained that the question was whether a reasonable person might be deceived into accepting the document as genuine. *Brown*, 1 N.E. 3d at 897. Mr. Garrity makes no argument that his employment application was not "genuine." Regardless of whether it contained false information, the application was indeed a real (not bogus) application and it was signed by Mr. Garrity in his own name. In our view, *De Filippo* remains controlling law for the proposition that, in a case involving false information contained in an otherwise "genuine" document, a charge of forgery requires evidence that the document is "purport[ed] to have been made by another." That is not the case here.

### B.

Mr. Garrity also attaches to his motion a copy of an "information indictment return sheet" for Vincenzo Lamontagna, a police officer who was indicted on a number of counts of forgery, mail fraud, and wire fraud after allegedly lying about his military service when applying for a job as a police officer in Johnsburg, Illinois (Mot. to Reconsider, Ex. 3). Mr. Garrity provides no information about the current status of Mr. Lamontagna's case. In any event, a closer look at the indictment reveals that it does not support Mr. Garrity's assertion of the Fifth Amendment privilege. The indictment does not charge Mr. Lamontagna with forgery because he lied on an employment application. Rather, the charges allege that he delivered to his intended employer

false military discharge documents and certificates that purported to have been made with different provisions (*i.e.*, the documents had been altered), and that purported to have been made by another person (*Id.* at VL4-VL42). Finally, even if Mr. Garrity's reading of the indictment was correct, we would consider it to be inconsistent with *De Filippo* and, accordingly, would not form a reasonable basis for Mr. Garrity to fear a prosecution for forgery.

## CONCLUSION

We therefore affirm our previous order (doc. # 285) and deny Mr. Garrity's Motion to Reconsider (doc. # 287). As stated previously, Mr. Garrity is ordered to answer questions on the topics for which he asserted the Fifth Amendment privilege or a "security clearance" as a basis to decline to answer. The further deposition shall be limited to these topics and one hour in length, and shall be completed on a date convenient to the parties but no later than September 15, 2015.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: August 21, 2015**

7