**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WANDA COLON, as the Administrator of the Estate of Cesar Munive, | ) ) ) | |
| Plaintiff, | ) ) | 12 C 5481 |
| v. | ) ) | Judge Jorge L. Alonso |
| TOWN OF CICERO and CICERO POLICE OFFICER DONALD GARRITY, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On October 19, the Court granted summary judgment to Cicero on plaintiff's negligent hiring claims on the grounds that §§ 2-201 and 2-109 of the Illinois Tort Immunity Act immunized Cicero from those claims. (*See generally* 10/19/15 Mem. Op. & Order.) Plaintiff contends that the Court overlooked a threshold question, whether the two sections can be combined to provide immunity to a local public entity like Cicero. The Court agrees and addresses that issue now.

Section 2-201 states that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 Ill. Comp. Stat. 10/2-201. Section 2-109 states that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 Ill. Comp. Stat. 10/1-109. The question is whether a local government's immunity under § 2-109 can be derived from a local government employee's immunity under § 2-201.

The Illinois Supreme Court addressed this question in *Smith v. Waukegan Park District*, 896 N.E.2d 232 (2008), in which the plaintiff alleged that the defendant fired him for filing a workers'

compensation claim. *Id.* at 234. The lower courts held that the Park District was immune because a retaliatory discharge claim cannot be asserted against an individual employee, and under § 2-109, a public entity is not liable when its employee is not liable. *Id.* at 235.

The supreme court reversed:

According to the District, section 2-201 immunizes [its employee], and the District is correspondingly immune pursuant to section 2-109. However, . . . this argument fails because it incorrectly views the employee as the pertinent actor when it is the employer who "acts" within the meaning of section 2-109 in a retaliatory discharge.

. . . . Without expressing an opinion on firings in general by public entities, we declare, under established Illinois law, public entities possess no immunized discretion to discharge employees for exercising their workers' compensation rights.

*Id.* at 237.

The *Smith* court based its decision in large part on *Buckner v. Atlantic Plant Maintenance*, 694 N.E.2d 565 (Ill. 1998), which held that only employers, not supervisory employees, could be sued for retaliatory discharge. *Id.* at 570. The decision in *Buckner* was largely animated by the court's desire to narrowly confine the scope of that cause of action. *See id.* at 569 ("Given this court's past precedent admonishing against the expansion of this tort, we decline to expand it in the manner proposed here by the plaintiff. The policy considerations that motivated this court to recognize a retaliatory discharge cause of action are adequately vindicated by allowing a cause of action against employers."). But the court also said that supervisory liability was inappropriate because "only 'the employer' has the power to hire or fire an employee. Obviously, an agent or employee of the employer may carry out that function on the employer's behalf, but it is still the authority of *the employer* which is being exercised. If the discharge violated public policy, it is the employer who is rightly held liable for damages." *Id.* at 570 (emphasis in original). Thus, together, *Buckner* and *Smith* teach that municipal employees are fired by the municipality, not its agents, and

thus a municipality cannot obtain § 2-109 immunity for a retaliatory discharge claim through § 2-201.

The Illinois Supreme Court has not decided whether the reasoning of *Buckner* and *Smith* applies to claims of negligent hiring, despite the prevailing assumption that municipalities can obtain immunity for hiring through § 2-201. *See Green v. Carlinville Cmty. Unit Sch Dist. No. 1*, 887 N.E.2d 451, 457 (Ill. App. Ct. 2008); *Johnson v. Mers*, 664 N.E.2d 372, 380 (Ill. App. Ct. 1996); *see also Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 922 (7th Cir. 2015) (citing *Johnson*); *Doe v. Roe*, No. 12 C 9213, 2013 WL 2421771, at *7 (N.D. Ill. June 3, 2013) (citing cases). But if the authority to hire and fire resides solely in the municipal employer, as *Buckner* holds, and municipal employers do not have § 2-201 derivative immunity for discharge claims, as *Smith* holds, it is difficult to see how a municipal employer can have derivative immunity for negligent hiring claims. The Court, therefore, holds that the Illinois Supreme Court would apply *Buckner* and *Smith* to negligent hiring claims and deny Cicero's Tort Immunity Act defense.

**Conclusion**

For the reasons set forth above, the Court grants in part and strikes as moot in part plaintiff's motion for reconsideration or to certify interlocutory appeal [334].  The motion for reconsideration is granted, the Court vacates the portion of its October 19, 2015 Memorandum Opinion and Order granting summary judgment to Cicero on plaintiff's negligent hiring claims (Counts VIII and IX), and reinstates those claims against Cicero.  Plaintiff's motion to certify an interlocutory appeal is stricken as moot.

**SO ORDERED.**                                              **ENTERED:  December 1, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**