`                       IN THE UNITED STATES DISTRICT COURT
                       FOR THE NORTHERN DISTRICT OF ILLINOIS
                                  EASTERN DIVISION

| | | |
|---|---|---|
| WANDA COLON, as the Administrator of the Estate of Cesar Munive, | ) ) ) | |
| Plaintiff, | ) ) | 12 C 5481 |
| v. | ) ) | Judge Jorge L. Alonso |
| TOWN OF CICERO and CICERO POLICE OFFICER DONALD GARRITY, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 19, 2015, the Court granted summary judgment to Cicero on plaintiff's negligent hiring claims on the grounds that §§ 2-201 and 2-109 of the Illinois Tort Immunity Act immunized Cicero from those claims. (*See generally* 10/19/15 Mem. Op. & Order.) Plaintiff subsequently filed a motion for reconsideration of that order, which the Court granted on December 1, 2015. (*See* 12/1/15 Mem. Op. & Order.) Defendant Cicero now asks the Court to reconsider its December 1, 2015 order, or in the alternative, certify the order for interlocutory appeal or bifurcate the trial of the claims asserted against Cicero from that of the claims asserted against defendant Garrity. Garrity asks the Court for leave to file a motion to bifurcate or to submit a brief in support of Cicero's request to bifurcate. For the reasons set forth below, the Court denies both motions.

### Reconsideration

As Cicero points out, a motion for reconsideration is appropriate when the Court "'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension.'" (Cicero's Mot. Recons. at 2 (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir.

1996)).) However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270. Yet that is what Cicero's motion does. It reiterates arguments Cicero made in support of its partial summary judgment motion and those it could have but did not raise in response to plaintiff's motion for reconsideration. (*See* Cicero's Reply Supp. Partial Summ. J.; Cicero's Resp. Pl.'s Mot. Recons.) Because Cicero has not presented an appropriate basis for reconsideration, the motion is denied.

**Interlocutory Appeal**

Alternatively, Cicero asks the Court to certify for appeal the December 1, 2015 order. The Court may certify an interlocutory order for appeal if the order: (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Court need not address the first two requirements because the third is lacking. This case has been pending for three and a half years and, with discovery and summary judgment proceedings completed, is ready to be set for trial. An appeal, even if it were successful, would not dispose of the entire case and would delay indefinitely the trial on the remaining claims. It is not fair to plaintiff, defendant Garrity, or the Court to further prolong these proceedings so Cicero can obtain an immediate ruling on an adverse decision. Therefore, the Court declines to certify the December 1, 2015 order for appeal.

**Bifurcation**

Cicero asks the Court to bifurcate the trial of the claims against it from that of the claims plaintiff asserts against Garrity. Garrity asks for leave to file his own bifurcation motion. Both motions are premised on defendants' expectation that plaintiff will seek and be permitted to introduce at trial evidence about Garrity's alleged history of substance abuse, emotional problems, and work-related problems. Whether that is true will be decided by motions in limine, which have yet to be filed. Because the bifurcation issue is not, and may never be, ripe for resolution, the Court denies both motions without prejudice.

## Conclusion

For the reasons set forth above, the Court denies Cicero's motion for reconsideration, or in the alternative, to certify interlocutory appeal or bifurcate [339] and Garrity's motion for leave to file a motion to bifurcate claims [345]. Defendants may file motions to bifurcate, if appropriate, after motions in limine are decided. The briefing schedule on Garrity's motion to bifurcate [347] is vacated.

**SO ORDERED.**                                           **ENTERED: January 25, 2016**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**