**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WANDA COLON, as Administrator of the | ) | |
| Estate of CESAR MUNIVE, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 C 5481 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| TOWN OF CICERO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are defendants' objections [540] and [541] and plaintiff's cross-objections [543] to Magistrate Judge Schenkier's Report and Recommendation of October 14, 2016 [533] regarding plaintiff's motion for evidentiary sanctions. For the reasons set forth below, defendants' objections are overruled and plaintiff's cross-objections are also overruled. Judge Schenkier's Report and Recommendation is adopted in its entirety, and plaintiff's motion for evidentiary sanctions [363] is granted.

**STATEMENT**

Judge Schenkier recommended that plaintiff's motion for sanctions be granted and that (1) discovery should be re-opened to allow (a) Dr. Galatzer-Levy to examine the reports of Drs. Frank, Pua, and Reff, to determine whether, based on those reports, he wishes to issue a supplemental report;[1] (b) plaintiff to further depose defendant Garrity for a period not to exceed three hours, to question him on any disclosures she received in April, June, and August 2016 that

---

[1] Judge Schenkier also recommended that this Court hold defendants jointly and severally liable for the associated costs.

had not previously been disclosed to her;[2] (c) Cicero to obtain and produce transcripts from two Pension Board hearings on Garrity's application; (d) Garrity to produce his amended pension application, if one exists, and (2) a $5,000 fine be imposed on Garrity and a $5,000 fine be imposed on Cicero, to be paid to the Clerk of the Court.

## STANDARD OF REVIEW

"When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court 'shall make a *de novo* determination' with respect to any contested matter." *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009) (quoting 28 U.S.C. § 636(b)). The Court of Appeals has observed:

> De novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). The district judge makes the ultimate decision to adopt, reject, or modify the magistrate judge's recommendation. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009); *see also* Fed. R. Civ. P. 72.

## BACKGROUND

On July 5, 2012, Cicero Police Officer Donald Garrity was involved in an incident during which he shot and killed Cesar Munive. Plaintiff, the Administrator of Munive's estate, has sued the Town of Cicero and Officer Garrity for wrongful death, excessive force, and negligent hiring.

---

[2] Judge Schenkier also recommended that this Court order Garrity to bear plaintiff's attorney's fees and costs for this deposition.

## LEGAL STANDARD

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . the court . . . (A) may order payment of the reasonable expenses, including attorney's fees caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). "Federal Rule of Civil Procedure 37(b)(2)(A) grants the district courts . . . 'wide latitude in fashioning appropriate sanctions'" for violating discovery orders. *e360 Insight, Inc., v. Spamhaus Project,* 658 F.3d 637, 642 (7th Cir. 2011) (quoting *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999)).

## DISCUSSION

Defendant Garrity acknowledges that he should have provided copies of the pension board's decision to defense counsel and that they also should have been disclosed to plaintiff earlier in the proceeding. (Garrity's Obj. at 2.) Garrity does not object to plaintiff's expert (Dr. Galatzer-Levy) reviewing Drs. Frank, Pua, and Reff's reports and issuing a supplemental report. (*Id.*) Garrity objects to the recommendation that he sit for an additional three-hour deposition, and he asks the Court to limit any reopened deposition to one hour. (*Id.*) Garrity also objects to the recommendation of a $5,000 fine. (*Id.* at 3.) Specifically, Garrity states that he sat for three previous depositions for a total of twelve hours, and three additional hours related to eighteen pages of documentation is excessive. (*Id.* at 9.) Further, Garrity disagrees with Judge Schenkier's finding that defendants "steadfastly refused to provide information," arguing that such a description mischaracterizes defendants' motivation, conduct, and concerns regarding plaintiff's intentions. (*Id.* at 5.)[3] Garrity asserts that his motions to quash plaintiff's subpoenas

---

[3] Garrity asserts that earlier in the litigation one of plaintiff's counsels admitted in open court that he had intentionally emailed Garrity's medical and mental health records to the Chicago Sun-Times. (Garrity's Obj. at 5.)

were filed in good faith and Judge Schenkier's finding that a Rule 37.2 conference would have been "futile" is clearly erroneous and not supported by the evidence. (*Id*. at 6-7.)

The Town of Cicero joins Garrity's objection wherein he asks that the reopened deposition be limited to one hour. (Cicero's Obj. at 6.) Cicero also objects the $5,000 fine because plaintiff did not adhere to Rule 37.2's meet and confer requirements prior to filing her motion for sanctions. (*Id.* at 2.) Moreover, Cicero contends that plaintiff's counsel's offer to waive all the relief granted to her in the report and recommendation if defendants would consent to Judge Schenkier's jurisdiction demonstrates that plaintiff was not inexorably damaged by defendants' discovery violations. (*Id*. at 3.) Like Garrity, Cicero does not object to plaintiff's expert having the opportunity to issue a supplemental report or to defendants' provision of transcripts from Garrity's pension board hearing. (*Id*. at 7.)

In her cross-objection, plaintiff asks the Court to consider instructing the jury at trial about defendants' discovery violations rather than imposing a $10,000 fine. (Pl.'s Obj. at 3.) Plaintiff argues that because of the trial date, she would not have the time to benefit from Judge Schenkier's rulings and the prejudice would not be fully cured by a financial sanction. (*Id*.)[4] In their joint response to plaintiff's cross-objection, defendants again argue that plaintiff's offer to forgo the recommended discovery remedies demonstrates that plaintiff was not substantially prejudiced. (Defs.' Resp. at 2.) Defendants also contend that plaintiff's proposed curative jury instruction is inaccurate and prejudicial. (*Id*. at 3.)

The parties contest only the length of Garrity's reopened deposition and the imposition of the $10,000 fine. In the Court's view, three additional hours of deposition testimony is not

---

Garrity explains that plaintiff's conduct caused defense counsel to move to quash plaintiff's additional subpoenas for medical records, to ensure court supervision and control of these records. (*Id*.)

[4] At the time the objections to the report and recommendation were filed, the trial was set for December 12, 2016. Subsequently, the trial date was moved to July 10, 2017 [561].

excessive. Judge Schenkier has recommended, and the parties agree, that Garrity should be redeposed regarding pension-related documents that were disclosed in April, June, and August 2016. To allow plaintiff to question Garrity for an hour per instance of disclosure seems reasonable, and defendants cite no authority that suggests otherwise. Accordingly, Garrity shall sit for a reopened deposition, not to exceed three hours by February 8, 2017.

The Court turns to the recommendation of levying a $5,000 fine per defendant. As noted above, the trial date in this case has been moved to July 10, 2017, which gives plaintiff ample time to conduct the additional discovery she sought in her motion for sanctions. Pushing back the trial date nearly seven months moots plaintiff's concern that she would not be made whole by the limited time to complete the additional discovery. Because there is ample time before trial to redress the prejudice caused by defendants' discovery violations, the Court sees no need to give a jury instruction that attempts to do the same. Accordingly, plaintiff's cross-objection is denied.

Defendants argue that no fine should be levied because plaintiff failed to meet and confer with them pursuant to Rule 37.2 before filing her motion. Judge Schenkier noted in his report that all of the parties had failed to comply with the applicable discovery rules and therefore decided to move past these failures to reach the merits of plaintiff's motion. (R&R at 2.) The Court agrees with that sensible approach. Garrity also asserts that he should not be fined because he did not intentionally withhold any pension board documents. Cicero further contends that levying such a fine will not serve as a reminder to the parties that it is not the duty of the courts alone to exercise control over the discovery process, but rather will reward plaintiff for strategically manufacturing a discovery dispute on the eve of trial. The Court is unpersuaded. The fine is imposed here to "impress upon [the defendants] the seriousness of the duty" of their discovery obligations. *Danis v. USN Commc'n,* No. 98 C 7482, 2000 WL 1694325, at *6 (N.D.

Ill. Oct. 23, 2000).  As laid out in detail by Judge Schenkier, defendants were not justified in their failure to supplement discovery, insistence, despite court orders, that pension-related discovery was not relevant, and that they had no duty to produce it; and creation of excuses for disregarding their discovery obligations.  Accordingly, defendants' objections to the fines are overruled.  *See Classic Amenities, Inc., v. Verbeke,* No. 00 C 3326, 2001 WL 630709, at *2 (N.D. Ill. June 4, 2001).  Each defendant is ordered to pay $5,000 to the Clerk of Court by January 25, 2017.

## CONCLUSION

As explained above, the Court adopts Magistrate Judge Schenkier's Report and Recommendation of October 14, 2016 [533] in its entirety and grants plaintiff's motion for sanctions [363].

**SO ORDERED.**                    **ENTERED:   January 17, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**